UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENTE BARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:10-cv-211-WTL-TAB |
| ) | |
| TOWN OF SPEEDWAY, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Judgment on the Pleadings**

**I.**

For the reasons explained in this Entry, the motion for judgment on the pleadings filed by certain defendants must be **granted.**

A motion for judgment on the pleadings is authorized by Rule 12(c) of the *Federal Rules of Civil Procedure* and is to be decided based on the same standard as for motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortgage, LLC,* 377 F.3d 795, 798 (7th Cir. 2004). Under this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *\*Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Applying the foregoing standard to the unopposed motion for judgment on the pleadings of defendants Town of Speedway, Speedway Police Department, Jeffrey Dines, and Mike Marstellar, and being duly advised, the court finds that such motion must be **granted**. This conclusion is based on the following facts and circumstances:

1. The defendant Speedway Police Department is not a suable entity under either 42 U.S.C. § 1983 or § 1985. *Best v. City of Portland*, 554 F.3d 698, fn\* (7th Cir. 2009).

2. The official capacity claims against Police Chief Dines and Detective Marstellar are deficient because there is no allegation of a municipal policy or custom of violating federally secured rights in the manner alleged by the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 6 94 (1978); *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 514-15 (7th Cir. 2007)("A plaintiff may demonstrate an official policy through:

(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.")(citing *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007)).

3. The claim against Chief Dines is insufficient because there is no allegation of his personal participation in or direction of any of the mistreatment of the plaintiff. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")

4. No claim for malicious prosecution is cognizable under the circumstances alleged here if the State provides a comparable tort remedy. *Newsome v. McCabe,* 256 F.3d 747 (7th Cir. 2001). Indiana provides such a remedy. *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001). The malicious prosecution claim is therefore untenable.

5. Any claim against the moving defendants based on their allegedly perjurous testimony is barred by the absolute immunity accorded to witnesses in such circumstances. *Briscoe v. LaHue,* 460 U.S. 325, 345-56 (1983).

6. The remaining claims are barred by Indiana's two-year statute of limitations. *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE § 34-1-2-2) applies to § 1983 claims.")(citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)).

**II.**

The ruling in Part I of this Entry, together with prior rulings, resolves all claims against all defendants. Final judgment consistent with this Entry and with the prior rulings shall now issue.

**IT IS SO ORDERED.**

Date: 05/07/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana